**Gurjeet SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72490.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Anju Multani, Downey, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Brian A. McLachlan, Esq., Department of Justice, Environmental and National Resources Div., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Gurjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir.2008), and we deny the petition for review.

The agency denied Singh's asylum application as time barred. Singh does not challenge this finding in his opening brief. Accordingly, we deny the petition as to Singh's asylum claim.

Substantial evidence supports the agency's adverse credibility finding based upon a testimonial inconsistency as to whether Singh was beaten once or twice during his first detention, *see Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir.2007), as well as a discrepancy between Singh's testimony and an affidavit he submitted regarding the name of his uncle who involved him in political activity, *see Wang v. INS*, 352

F.3d 1250, 1257–58 (9th Cir.2003). Accordingly, Singh's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's CAT claim is based on the same evidence the agency deemed not credible, and Singh points to no additional evidence the agency should have considered regarding the likelihood of torture if he is removed to India, Singh's CAT claim fails. *See id.* at 1157.

Singh's contentions that the BIA and IJ failed to consider whether he was entitled to CAT relief, and that the BIA failed to consider whether he was entitled to withholding of removal are belied by the record.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.